UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEWART R. SHERMAN and<br>CHARLOTTE A. SHERMAN,<br><br>          Plaintiffs,<br><br>   v.<br><br>JPMORGAN CHASE BANK, NA, et al.,<br><br>          Defendants. | CASE NO. C13-5791 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and JPMorgan Chase Bank, NA.'s ("Chase") motion to dismiss or for summary judgment (Dkt. 18). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 18, 2013, Plaintiffs Stewart and Charlotte Sherman ("Shermans") filed a complaint in Pierce County Superior Court for the State of Washington against Defendants Freddie Mac, Chase, and Bishop White Marshall & Weibel, PS. Dkt. 1, Exh.

A. The Shermans assert causes of action for a violation of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"), negligence, and a breach of contract. *Id.*

On August 27, 2014, Freddie Mac and Chase filed a motion to dismiss or for summary judgment. Dkt. 18. The Shermans did not respond. On September 19, 2014, Freddie Mac and Chase filed a notice of lack of opposition. Dkt. 21. The Court addresses the motion for summary judgment.

## II. DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.     Defendants' Motion**

In this case, the Shermans have failed to meet their burden in opposing the motion. First, the Shermans have failed to show that either Freddie Mac or Chase committed an unfair or deceptive act in violation of the CPA.  Second, the Shermans have failed to show that either Freddie Mac or Chase owed them a duty to support a claim for negligence.  Third, the Shermans have failed to show that either Freddie Mac or Chase breached a contract with the Shermans.  Therefore, the Court grants Freddie Mac and Chase's motion for summary judgment.

Freddie Mac and Chase also request that the Court cancel the lis pendens recorded against the property in question. The Court agrees with Freddie Mac and Chase that the lis pendens should be cancelled because the Shermans have failed to show that they have a valid ground to record a lis pendens. Therefore, the Court grants the motion on this issue.

### III. ORDER

Therefore, it is hereby **ORDERED** that Freddie Mac and Chase's motion for summary judgment (Dkt. 18) is **GRANTED**.

Dated this 23rd day of September, 2014.

BENJAMIN H. SETTLE
United States District Judge